UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN RAY HIMMELBERGER,<br><br>Petitioner,<br><br>v.<br><br>E. ARNOLD,<br><br>Respondent. | No. 2:16-cv-0530 GEB CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

    Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. He challenges the result of prisoner disciplinary proceedings. Petitioner was found guilty at a hearing held July 29, 2013, and was assessed a 90 day revocation of good conduct sentence credit.

    An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Also, a writ of habeas corpus can issue only upon claims where the fact or duration of confinement is challenged. Nettles v. Grounds, No. 12-16935, 2016 WL 4072465 at *8 (9th Cir. July 26, 2016). Furthermore, when success on a claim would "not necessarily spell speedier release" the claim is not properly brought in a § 2254 petition for writ of habeas corpus. Id. at *5 & *9.

/////

1

1    Petitioner is serving an indeterminate prison sentence and his minimum eligibility for
2 parole date passed on July 30, 2016.  This being the case, even if the court found merit in any or
3 all of petitioner's claims regarding the disciplinary proceedings held July 29, 2013, and ordered
4 the 90 days of revoked sentence credit restored, petitioner would not be entitled to earlier release
5 from prison because he still has to be granted parole.[1]  Because success on any of petitioner's
6 claims will not necessarily entitle petitioner to early release from prison, petitioner's application
7 for a writ of habeas corpus should be denied and this case be closed.
8    While respondent presents other arguments in opposition to petitioner's claims, in light of
9 the foregoing, those arguments need not be addressed.
10    Accordingly, IT IS HEREBY RECCOMMENDED that:
11    1.  Petitioner's application for a writ of habeas corpus be denied; and
12    2.  This case be closed.
13    These findings and recommendations are submitted to the United States District Judge
14 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
15 after being served with these findings and recommendations, any party may file written
16 objections with the court and serve a copy on all parties.  Such a document should be captioned
17 "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner
18 may address whether a certificate of appealability should issue in the event he files an appeal of
19 the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district
20 court must issue or deny a certificate of appealability when it enters a final order adverse to the
21 applicant).  Any response to the objections shall be served and filed within fourteen days after
22 service of the objections.  The parties are advised that failure to file objections within the
23 /////

---

[1] While petitioner does not make this argument, other prisoners serving indeterminate sentences have argued that expungement of the findings of prisoner disciplinary proceedings could improve prospects for parole, thereby satisfying the requirement that success on a particular § 2254 claim at least provide a basis for earlier release.  Even if petitioner made this argument here, the outcome of this case would not be different as petitioner fails to point to facts showing expungement would "necessarily" result in petitioner being paroled as required in Nettles.  See id.

1 | specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951

2 | F.2d 1153 (9th Cir. 1991).

3 | Dated: September 14, 2016

4 | _____
CAROLYN K. DELANEY
5 | UNITED STATES MAGISTRATE JUDGE

8 | 1
hinm0530.157